IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL GARRETT, 697364,<br>    Petitioner, | )<br>)<br>) |
| v. | )   No. 3:14-CV-2274-D |
| | ) |
| WILLIAM STEPHENS, Director, TDCJ-CID,<br>    Respondent. | )<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for aggravated sexual assault. *State of Texas v. Michael Garrett*, No. F-9320131-SV (292nd Jud. Dist. Ct., Dallas County, Tex. Feb. 24, 1995).  On February 24, 1995, a jury sentenced Petitioner to life in prison. He did not file a direct appeal.

Petitioner filed multiple state habeas petitions. In his most recent petition, he raised the claim of actual innocence that he asserts in this case. *Ex parte Garrett*, No. 46,210-11. On May 7, 2014, the Court of Criminal Appeals denied his petition without written order on the findings of the trial court.

On May 23, 2014, Petitioner filed the instant § 2254 petition. He argues he is actually innocent, and the State's DNA testing was invalid since it failed to test a sufficient number of loci. Petitioner states he is not seeking further DNA testing. (Pet. Reply at 3-4.) On September 15, 2014, Petitioner also filed a motion for summary judgment.

## II.  Discussion

**1.     Statute of Limitations**

Respondent argues the petition is barred by the statute of limitations. The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner argues the petition is timely based on new evidence that the DNA in his case was insufficiently tested. On state habeas review, Petitioner submitted a January 23, 2014, affidavit from Dr. Harry Bonnell criticizing the DNA testing presented at trial. Dr. Bonnell was formerly Chief Deputy Medical Examiner for San Diego, California. Dr. Bonnell stated that "the [DNA] testing procedure done in 1993 is no longer valid based on advances in forensic science." *Ex parte Garrett*, No. 46,210-11 at 24. Dr. Bonnell stated the 1993 DNA testing used only 6 loci

for analysis, while the FBI's Combined DNA Index System ("CODIS") requires 13 loci to be tested.[1] *Id*. Petitioner states he timely filed his habeas petition based on the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

Respondent does not address if, or when, changes in forensic testing as alleged by Petitioner occurred. The Court therefore declines to recommend dismissal under the statute of limitations.

**2.     Actual Innocence**

Petitioner claims he is actually innocent. A free-standing claim of actual innocence, however, is not cognizable on habeas review. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). The petition should therefore be denied.

Additionally, Petitioner has failed to show he is actually innocent. Actual innocence means "factual innocence" and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Thus, where a petitioner asserts his actual innocence of the crime, he must show, as a factual matter, that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In this case, Petitioner submits the affidavit of Dr. Bonnell as support for his actual innocence claim. In his affidavit, Dr. Bonnell analyzed the 1993 DNA lab results and found the testing procedure done in 1993 is no longer valid. On May 29, 2014, however the Southwest

---

[1] According to the FBI's website, CODIS may use 13 loci, or 10 core loci may used for submission to the FBI's National Data Index System ("NDIS"). *See* www.fbi.gov/about-us/lab/biometric-analysis/codis/codis-and-ndis-fact-sheet.

Institute of Forensic Science ("SWIFS") issued a new report after re-testing the DNA at nine loci as opposed to the previous test of six loci. (Resp't Answer Ex. A.) The new DNA test determined it was at least 121 billion times more likely that the DNA samples came from the victim and Petitioner, than to any unknown male and the victim. *Id*. Although Petitioner argues that 13 loci should have been tested, he has submitted no evidence that the new DNA testing is invalid.

Finally, Petitioner argues that Texas Government Code § 411.142 requires that state DNA testing must meet or exceed the FBI's thirteen loci testing. Texas Government Code § 411.142 requires that the State's DNA database be compatible with the FBI's CODIS database and that the State's DNA lab meet or exceed the current standards for quality assurance and proficiency testing issued by the FBI. Section 411.142 therefore governs the State's DNA database, but does not specify how to test a defendant's DNA in a particular case. Finally, whether the State complied with its own statutes does not raise a cognizable issue under § 2254. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *see also*, *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (finding it is not the function of federal habeas courts to review the interpretation of state law by a state court).

3.   **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

## **RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED, and that Petitioner's motion for summary judgment be DENIED.

Signed this 22nd day of June, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).